**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOSE RAUL GUERRERO ALFARO,<br><br>Petitioner,<br><br>v.<br><br>WARDEN GOLDEN STATE ANNEX DETENTION FACILITY, et al.,<br><br>Respondents. | No. 1:26-cv-02983 JLT EPG (HC)<br><br>A-Number: 217-170-039<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING THE PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING RESPONDENTS TO PROVIDE PETITIONER WITH BOND HEARING, AND DIRECTING CLERK OF COURT TO CLOSE CASE<br><br>(Docs. 1, 9) |

Petitioner is proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. On May 5, 2026, the magistrate judge issued findings and recommendations recommending that the petition for writ of habeas corpus be granted and Respondents be directed to provide Petitioner with a bond hearing. (Doc. 9.) The Court served the findings and recommendations on the parties and notified them that any objections were due in 14 days. (*Id.*) On May 7, 2026, Respondents filed timely objections, and Petitioner filed a reply. (Docs. 10, 11.)

According to 28 U.S.C. § 636(b)(1)(C), the Court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including Respondents' objections, the Court concludes the findings and recommendations are supported by the record and proper analysis.

Thus, the Court **ORDERS**:

1. The findings and recommendations issued on May 5, 2026 (Doc. 9) are **ADOPTED**

1

**IN FULL**.

2. The petition for writ of habeas corpus is **GRANTED**.

3. **Within 14 days of the date of service of this order**, unless Petitioner consents to a later date, Respondents are ordered to provide Petitioner with an individualized bond hearing before an immigration judge that complies with the procedures set forth in *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011), where "the government must prove by clear and convincing evidence that [Petitioner] is a flight risk or a danger to the community to justify denial of bond," *id.* at 1203. In the event Petitioner is "determined not to be a danger to the community and not to be so great a flight risk as to require detention without bond," the immigration judge should consider Petitioner's financial circumstances and alternative conditions of release. *Hernandez v. Sessions*, 872 F.3d 976, 1000 (9th Cir. 2017).

4. Prior to the bond hearing, the Petitioner and his counsel **SHALL** receive meaningful notice of the scheduled hearing and both **SHALL** be entitled to appear at the hearing.

5. The Clerk of Court is directed to **CLOSE THE CASE**.

IT IS SO ORDERED.

Dated:   **May 8, 2026**

_____
UNITED STATES DISTRICT JUDGE

2